ROBERTSON, Presiding Judge,
concurring in the result.
I cannot agree with the proposition, expressed by the trial court and inherent in today’s opinion, that the bankruptcy court’s order absolutely forecloses consideration of the issue of successor liability. Application of state successor liability doctrines has been held not to be in derogation of the twin purposes of the Bankruptcy Code, i.e., (1) to effect a fair and equitable distribution of the debtor’s property among its creditors, and (2) to enable debtors to get a “fresh start”. Wilkerson v. C.O. Porter Machinery Co., 237 N.J.Super. 282, 567 A.2d 598, 607 (1989) (applying state successor liability principles in spite of bankruptcy order allowing debtor corporation’s assets to be “sold free and clear of all liens, claims (absolute or contingent) and encumbrances”). Moreover, it has been noted that “there is no reason to accord the purchasers of formally bankrupt entities some special measure of insulation from liability that is unavailable to ailing but not yet defunct entities.” Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Tasemkin, Inc., 59 F.3d 48, 50 (7th Cir.1995).
However, applying the principles of successor liability set forth in Brown v. Economy Baler Co., 599 So.2d 1, 3 (Ala.1992), and Rivers v. Stihl, Inc., 434 So.2d 766 (Ala.1983), to the facts of this particular case, I am nevertheless persuaded that Steelox is not liable for the liabilities of BTC as a matter of Alabama law. BTC’s cash sale of its assets to Kawada and Kawada’s later transfer of those assets to its subsidiary, Steelox, did not constitute a “de facto” merger of BTC and Steelox, as there was no transfer of stock of Steelox or Kawada to BTC. Additionally, Steelox did not assume those liabilities and obligations of BTC ordinarily necessary for the continuation of BTC’s normal business operations such that Steelox could be said to be a “mere continuation” of BTC, but purchased a mere subset of BTC’s assets. I therefore concur in the result reached by the court.
MONROE and CRAWLEY, JJ., concur.